IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES WHITTAKER,<br>    Plaintiff, | : PRISONER CIVIL RIGHTS<br>: 42 U.S.C. § 1983 |
| v. | : CIVIL ACTION NO.<br>: 1:06-CV-2381-MHS |
| DEKALB COUNTY JAIL, et al.,<br>    Defendants. | : |

### ORDER

Plaintiff, James Whittaker, an inmate at the Georgia State Prison in Reidsville, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the Court for a 28 U.S.C. § 1915A review.

### I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

AO 72A
(Rev.8/82)

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

## II. Plaintiff's Allegations

Plaintiff sues the DeKalb County Jail, Detective L.C. Golor, District Attorney Anne Long, attorney Tony E. Mathis, and the City of Decatur, challenging his criminal proceedings in state court.[1] Plaintiff contends that he was extradited from Buffalo, New York, to Atlanta, Georgia, in May of 2002, to face charges even though he is innocent. According to Plaintiff, evidence of a misidentification in a

---

[1] According to the records of the Georgia Department of Corrections, Plaintiff was convicted in the DeKalb County Superior Court of armed robbery, aggravated assault, rape, aggravated sodomy, and burglary, and was sentenced to fifteen years in prison. See http://www.dcor.state.ga.us.

photographic line-up was not admitted in his criminal action. Plaintiff also contends that two witnesses were allowed to attend a pre-trial hearing where Plaintiff was present in order to assist them in identifying Plaintiff at trial. Plaintiff seeks damages, injunctive relief, and dismissal of all charges.

III. Discussion

Plaintiff cannot challenge his state criminal proceedings in this action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

However, this Court will not construe Plaintiff's complaint as a habeas corpus petition as Plaintiff does not allege that he has exhausted his state court remedies. Plaintiff may challenge the legality of his detention by filing a petition for state habeas corpus relief pursuant to O.C.G.A. § 9-14-1. Plaintiff has made no showing or argument that would tend to indicate that the available state process is ineffective to protect his rights. So long as review is available in the Georgia courts, "this Court is precluded from the consideration of the substance of [Plaintiff's claims] until the issues have been squarely and fairly presented to the Georgia courts for their

3

consideration." Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). Plaintiff may seek federal habeas corpus relief in this Court after he has exhausted the remedies available to him in the state courts.

In addition, Plaintiff's damages claim challenging his criminal proceedings in state court is subject to dismissal. A plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or § 2241 before he can recover damages in a 42 U.S.C. § 1983 claim for an alleged unconstitutional conviction or imprisonment. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). In the instant action, Plaintiff's claims would implicate the validity of his criminal convictions in state court. Accordingly, this Court finds that these claims are premature and subject to dismissal under Heck.

## IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

AO 72A
(Rev.8/82)

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed in forma pauperis (Doc. 2) be **GRANTED** for the purpose of dismissal only.

**IT IS SO ORDERED** this 26 day of Oct, 2006.

_____
MARVIN H. SHOOB
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)